**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket no. 2:15-CR-27-GZS-005 |
| KATIE MCNEILLY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION AND MOTION**
**FOR NEW TRIAL AND TO CORRECT SENTENCE**

Before the Court are Defendant Katie McNeilly's Motion for Reconsideration (ECF No. 414) and Motion for New Trial and to Correct Sentence (ECF No. 415). For the reasons briefly explained herein, both Motions are DENIED.

On March 20, 2017, McNeilly's supervising probation officer filed a petition (ECF No. 396) to revoke her supervised release based on two alleged violations of special conditions. The Court held an evidentiary hearing on April 7, 2017, at which McNeilly, her supervising probation officer, and her prior psychiatrist, Dr. Charles Clemetson, testified. The Court found that McNeilly had committed the two violations and sentenced her to two months in prison, followed by nine months of supervised release, with a special condition that she reside in community confinement for a period of up to 90 days. In the pending Motions, McNeilly now asks the Court to reconsider its conclusion that she violated the conditions of her supervised release and accept into evidence a new affidavit by Dr. Clemetson as well as a 2010 article from a medical journal regarding false positive drug tests. In the alternative, she asks the Court to "correct" her sentence by deleting the community confinement requirement.

To the extent that McNeilly seeks reconsideration of the revocation judgment, the Court DENIES that request.  As a foundational matter, there is strong reason to doubt that the Court has the authority to revisit a revocation sentence outside the confines of Federal Rule of Criminal Procedure 35(a), which only authorizes a court to "correct a sentence that resulted from arithmetical, technical, or other clear error," and McNeilly does not argue that her revocation sentence exhibits this type of error.[1]  United States v. Gonzalez-Rodriguez, 777 F.3d 37, 41 (1st Cir. 2015).  To the extent McNeilly invokes Federal Rule of Criminal Procedure 33 as a basis for reconsiderations, this rule "is not an appropriate procedural vehicle" for challenging findings made at a hearing conducted pursuant to Federal Rule of Criminal Procedure 32.1(b)(2).  United States v. Yancey, 100 F. Supp. 2d 378, 380 (E.D. Va. 2000) ("A revocation hearing is, by its terms, a post-trial event and cannot be considered an adjudication of rights that would support a new trial pursuant to Rule 33.")

Furthermore, the Court is satisfied that the interests of justice do not demand a new hearing to consider the additional evidence belatedly proffered via the pending Motions.  McNeilly's revocation hearing complied with the requirements laid out in Federal Rule of Criminal Procedure 32.1(b)(2) and 18 U.S.C. § 3583.[2]  The Court's conclusion that McNeilly violated one or more of

---

[1] Even if the Court were inclined to treat McNeilly's Motion like a motion to reconsider in civil practice, the Court does not discern any reason to provide McNeilly with a second attempt to make her case—her Motion merely rehashes and amplifies her previous arguments or seeks to introduce evidence and make arguments that were available to her at the time of the revocation hearing.  See Amburgey v. Atomic Ski USA, Inc., No. 2:06-CV-149-GZS, 2007 WL 2028954, at *1 (D. Me. July 10, 2007) ("To obtain relief [via a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e)] the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law . . . a motion for reconsideration is not to be used as a vehicle . . . to rehash arguments previously considered and rejected." (quotation marks omitted)).

[2] To the extent McNeilly argues that the admitted hospital drug test results did not comply with the confirmation requirements listed in § 3583(d), the Court notes that this specific objection was not raised during the revocation hearing.  In any event, the Court notes that the drug test at issue was not administered pursuant to a drug testing condition but rather as a result of medical treatment McNeilly received.  Thus, it is not apparent that the drug test was subject to the confirmation requirements detailed in § 3583(d), which specifically applies to drug tests "administered in accordance" with a drug testing condition.  Even assuming that the Government's proffered unconfirmed drug test

her conditions of supervised release reflected the still uncontested fact that the Northern Maine Regional Reentry Center terminated McNeilly from its program based on its determination that she had violated that facility's rules, as well as the Court's weighing of the credibility of McNeilly's own testimony and its careful evaluation of the testimony of Dr. Clemetson regarding false positive drug tests.

The Court also DENIES McNeilly's Motion to "correct" her sentence pursuant to Federal Rule of Criminal Procedure 35(a). As adequately explained by the Government in its Response, there is no statutory bar to the Court's imposition of both incarceration and community confinement, as opposed to *home* confinement, after revocation. <u>See</u> Gov't's Resp. In Opp'n to Def.'s Mot. for New Trial and To Correct Sentence (ECF No. 419), at 3-5; 18 U.S.C. §§ 3583(d), (h); 3563(b).

For the foregoing reasons, McNeilly's Motions are DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 20th day of April, 2017.

---

result should be disregarded, the record still provided ample evidence for the Court to conclude that McNeilly had committed Violation Number 2, as the Court noted on the record at the revocation hearing.